UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MOHAMMED YAHYA ABDULLAH, § § *Petitioner*, § § § No. 1:25-cv-806-DAE vs. § § § § CHARLOTTE COLLINS, Warden of T. § Don Hutto Detention Center, and § KRISTI NOEM, § § *Respondents*. | |

ORDER DISMISSING CASE

Before the Court is the status of this case. This case was transferred to the Western District of Texas from the District of Arizona on May 28, 2025. (Dkt. # 5.) Petitioner has filed an application for Writ of Habeus Corpus under 28 U.S.C. § 2241. (Dkt. # 1.)

On June 4, 2025, U.S. Magistrate Judge Mark Lane ordered the Clerk to forward to Petitioner an application to proceed *in forma pauperis* and ordered Petitioner to submit either the filing fee of $5.00 or a completed application to proceed *in forma pauperis*, within thirty days. On June 12, 2025, the Court's order was returned as "unclaimed/not in custody." (Dkt. # 10.)

1

"An unrepresented party and any attorney representing a party must timely inform the court of any change in the party's or attorney's mailing address, e-mail address, signature, or telephone or fax number. The court may sanction a party for the party's or the attorney's failure to do so, including dismissal of the party's claims or defenses." W.D. Tex. Loc. R. CV-10(d). Here, the Court has no way to ascertain Petitioner's whereabouts in order to proceed with this case, as Petitioner has provided no forwarding address.

Accordingly, the Court finds it appropriate to dismiss this case under Local Rule CV-10(d) for failure to prosecute. See McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a [party].").

**IT IS THEREFORE ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

The Clerk is instructed to **CLOSE THE CASE.**

**IT IS SO ORDERED**.

**DATED:** July 8, 2025.

_____
Hon. David Alan Ezra
Senior U.S. District Judge